IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 16-cv-01448-RBJ

SHERRY F. RIX,

    Plaintiff,

v.

UNIVERSITY OF COLORADO HOSPITAL AUTHORITY,

    Defendant.

## ORDER

This matter is before the Court on two pending motions filed by defendant University of Colorado Hospital Authority ("UCHA"): (1) a motion to dismiss under Rules 41(b) and 37, ECF No. 44; and (2) a motion for summary judgment, ECF No. 48. For the reasons below, the Court GRANTS defendant's motion to dismiss and therefore and DENIES its motion for summary judgment [ECF No. 48] as moot.

### I. FACTS

In this action, plaintiff Sherry Rix alleges, among other things, racial and sexual harassment and retaliation by her former employer, UCHA. *See generally* ECF No. 1. She brings multiple claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5. *Id.* For purposes of this motion, however, the pertinent facts are those which occurred after defendant served plaintiff with its First Set of Interrogatories and Requests for Production on December 13, 2016. *See* ECF No. 44; ECF No. 44-1 (defendant's First Set of Interrogatories and

Requests for Production of Documents to plaintiff).  After receiving those interrogatories and requests, plaintiff failed to timely object or respond within the requisite 33-day time period.  ECF No. 41 at 2.

Defendant subsequently brought plaintiff's noncompliance to the Court's attention.  On March 3, 2017 the Court issued an order directing plaintiff to object or respond to defendant's interrogatories and requests no later than March 17, 2017.  *Id.*  In that order, I warned plaintiff that failure to comply could result in sanctions, including the dismissal of her case.  *Id.*  By all indications, plaintiff has still failed to properly object or respond to UCHA's interrogatories and requests.[1]  Defendant subsequently moved to dismiss plaintiff's complaint with prejudice under Rule 41(b) and Rule 37 on March 22, 2017.  ECF No. 44.  It then filed a motion for summary judgment roughly a week later on March 31, 2017—the amended deadline for dispositive motions in this case.  ECF Nos. 39, 48.

## II. STANDARD OF REVIEW

A.  **Pro Se Party.**

When a case involves a pro se party, the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys."  *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  Nevertheless, "it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  A "broad reading" of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim

---

[1] Construing plaintiff's filings liberally, she appears to vaguely "object" to one of defendant's requests for information in her response to defendant's motion to dismiss.  *See* ECF No. 47 at 3.  However, defendant represents in its motion that at the time of filing (which was five days *after* the deadline I set for plaintiff's response in my prior order, see ECF No. 41), plaintiff had not formally provided defendant with any objections or responses, ECF No. 44 at 1.  Thus, this "objection" still comes late.  Furthermore, it is in the wrong format (buried in a response to a pending motion) and comes only after defendant has had to once again incur additional expenses filing a motion to elicit any kind of response.

could be based." *Id*. Furthermore, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citations omitted).

    B. **Rule 41(b) and Rule 37.**

Federal Rule of Civil Procedure 41(b) provides, in part, that "[i]f the plaintiff fails . . . to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." A dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). By the same token, Federal Rule of Civil Procedure 37(b)(2)(A) provides that a court may "issue further just orders" after a party "fails to obey an order to provide or permit discovery[.]" Those "further just orders" include, among other things, "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v).

As the Tenth Circuit has explained, "[t]he sanction of dismissal with prejudice for failure to prosecute is a 'severe sanction,' a measure of last resort." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (citation omitted). The court has nevertheless provided a "non-exhaustive list of factors that a district court must consider in determining whether to dismiss an action with prejudice under Rule 41(b)[.]" *Id.* Those include: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* at 1143–44 (citing *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)).

### III. ANALYSIS

For almost six months plaintiff has stonewalled defendant's attempts to complete numerous routine aspects of the discovery process. In particular, Ms. Rix has failed to object or

otherwise timely respond to UCHA's interrogatories and requests despite my prior order directing her to do exactly that no later than March 17, 2017. ECF No. 41 at 2. What's more, in that order, as well as another prior order I issued on January 6, 2017 regarding plaintiff's failure to make disclosures as required under Rule 26(a)(1), I warned plaintiff that her obstinacy in this case could very well result in dismissal of her claims. ECF Nos. 31, 41. My warnings, however, went unheeded as plaintiff has still failed to comply with that order. Thus, while dismissal of an action is undoubtedly a "severe" course of action, I believe the circumstances warrant such a sanction here.

In order to dismiss plaintiff's case under Rule 41(b), circuit precedent dictates that I consider the non-exhaustive list of factors spelled out in cases such as *Ehrenhaus*. *See* 965 F.2d at 921 ("These factors do not constitute a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction."). To reiterate, these include: "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes*, 497 F.3d at 1143–44. For the reasons below, I find that all five identified factors weigh in favor of dismissal.

First is the issue of prejudice. As UCHA persuasively argues, it "has been unable to complete discovery efficiently and effectively as a result of [p]laintiff's conduct." ECF No. 44 at 7–8. In particular, it "was unable to complete [p]laintiff's deposition" and has "incurred unnecessary attorney's fees in an effort to elicit [p]laintiff's responses to Interrogatories and Requests." *Id.* at 8; Dep. of Sherry F. Rix, ECF No. 44-2 at 230:7–25 (holding plaintiff's deposition open given her failure to respond to defendant's interrogatories and requests). I am

4

familiar with plaintiff's pattern of conduct regarding responses to discovery in this case, see ECF Nos. 31, 41, and I agree with defendant that it has been prejudiced by plaintiff's actions during discovery.[2] Thus, I find that the first factor weighs in favor of dismissal. *See Jones*, 996 F.2d at 264 ("Plaintiffs have prejudiced the Defendants by causing delay and mounting attorney's fees.")

Second, I find that plaintiff's interference with the judicial process has been substantial. As the record in this case reveals, plaintiff has failed to comply with this Court's orders on numerous occasions and has disregarded the Federal Rules of Civil Procedure in prosecuting her case. ECF Nos. 31, 41; *see, e.g.*, *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014) (unpublished) ("[Plaintiff's] submission of an amended complaint in violation of the applicable procedural and court rules and the magistrate judge's direct orders interfered with the judicial process."). This has continued despite the Court's efforts to explain the discovery process and Ms. Rix's obligations. The second factor therefore tips in defendant's favor as well.

Third, as a *pro se* plaintiff, no one is to blame for plaintiff's conduct other than herself.[3] *See Jones v. Thompson*, 996 F.2d 261, 266 (10th Cir. 1993) ("The record clearly shows the Plaintiffs flouted numerous court orders, failed to prosecute their case, and abused the discovery

---

[2] Defendant's subsequent filing of a motion for summary judgment on March 31, 2017 could, at first blush, reveal a lack of prejudice. *See* ECF No. 48. However, it appears that defendant filed that motion because it wanted to comply with the Court's March 31, 2017 amended deadline for dispositive motions. *See* ECF No. 39. In any event, one need not speculate that defendant's ability to file such a motion has been unduly hampered by plaintiff's actions during discovery and therefore that defendant has been prejudiced in this case. In my opinion, then, it would unfair to find that defendant has not been prejudiced purely because it has filed a motion for summary judgment in this case. Similarly, it would be unfair to address the merits of defendant's motion for summary judgment without first deciding its motion to dismiss.

[3] A volunteer lawyer was appointed by the Court to represent plaintiff but declined the appointment after plaintiff accused him of conspiring with defendant after he communicated with defense counsel. ECF Nos. 29, 32. Plaintiff has nevertheless received help from her "friend" Mr. Dannell McNeil, Sr. Mr. McNeil, however, is not a lawyer. He has, nonetheless, come dangerously close to acting like one at times during this case.

process. *That the Plaintiffs did not have benefit of counsel at various times was a problem of their own making*.") (emphasis added).

Fourth, as mentioned above, plaintiff has received numerous warnings that her actions may result in the dismissal of her case. *See* ECF Nos. 31, 41. In particular, the Court warned plaintiff on March 3, 2017 that failure to subsequently object or respond to defendant's interrogatories and requests by March 17, 2017 (which plaintiff did not do) could result in "dismissal of your case for failure to prosecute it properly." ECF No. 41 at 2; *see also* ECF No. 31 ("Plaintiff must make disclosures required by Rule 26(a)(1). Mentioning some of plaintiff's 'evidence' at the scheduling conference does not satisfy the disclosure obligation. Failure to comply could result in dismissal of the case without prejudice for failure to prosecute."). This sanction should therefore come as no surprise.

Finally, I find that a "lesser" sanction would not be enough here. Providing no good reason for her continued failure to object or respond to defendant's interrogatories and requests, plaintiff has, simply put, disregarded the Court's March 3, 2017 order. If that one instance were plaintiff's only problem, I would consider a lesser sanction. Unfortunately, however, plaintiff has routinely abused the litigation process in this case.

Indeed, plaintiff has stonewalled defendant at nearly every turn during the discovery process and has filed numerous motions accusing defendant of fraud and other improper conduct without any indication of a good faith basis. *See, e.g.*, ECF No. 12; ECF Nos. 31 ("[P]laintiff has provided no basis to suspect that defendant's lawyers have engaged in any inappropriate conduct and cautions plaintiff that unfounded accusations against defense counsel could result in sanctions in the future. The plaintiff is advised to focus on the merits of her claims against the defendant."); ECF No. 33 (denying plaintiff's "motion to the court to hold defense counsel

accountable" for alleged theft of plaintiff's evidence and explaining that "[t]he court is aware of no valid basis to connect defense counsel with any alleged theft of plaintiff's evidence or any alleged misconduct by the Aurora Police Department, nor is there any basis to order an investigation of the police report to which she alludes" and that "plaintiff provided [no] basis to restrict defense counsel's right to conduct appropriate discovery").

Dismissal, therefore, is appropriate. *See Jones*, 996 F.2d at 265–66 ("The Plaintiffs repeatedly ignored court orders to submit themselves for depositions, to conclude discovery, and to come prepared to pretrial conferences. With the threat of dismissal facing them, the Plaintiffs still refused to pay attorney's fees and expenses or to produce a pretrial order. The history of this case fully supports the district court's conclusion [of dismissal].").

## ORDER

1. Defendant's motion to dismiss, ECF No. 44, is GRANTED. This civil action and all claims therein are dismissed with prejudice.

2. Defendant's motion for summary judgment, ECF No. 48, is denied as MOOT.

3. As the prevailing party, defendant is awarded its reasonable costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED this 1st day of June, 2017.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge